IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ISAIAS R. ORTIZ, | § | |
| | § | No. 211, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0210012072 (N) |
| Appellee. | § | |

Submitted: October 28, 2022
Decided: January 24, 2023

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Isaias R. Ortiz, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. For the reasons that follow, we affirm the Superior Court's judgment.

(2) In 2003, a Superior Court jury found Ortiz guilty of one count of trafficking cocaine in excess of 100 grams, one count of trafficking cocaine in an amount between 5 and 50 grams, one count of possession with intent to deliver cocaine ("PWID"), one count of maintaining a vehicle for the keeping of controlled substances, one count of maintaining a dwelling for the keeping of controlled

substances, one count of second-degree conspiracy, and one count of endangering the welfare of a child. Following a presentence investigation, the Superior Court sentenced Ortiz as follows: for trafficking cocaine in excess of 100 grams, to 20 years of incarceration; for trafficking cocaine in an amount between 5 and 50 grams, to 15 years of incarceration; for PWID, to 20 years of incarceration; for maintaining a vehicle for the keeping of controlled substances, to 2 years of incarceration, suspended for decreasing levels of supervision; for maintaining a dwelling for the keeping of controlled substances, to 1 year of incarceration, suspended for probation; for second-degree conspiracy, to 1 year of incarceration, suspended for probation; and for endangering the welfare of a child, to 1 year of incarceration, suspended for probation. We affirmed Ortiz's convictions and sentence on appeal.[1]

(3)  Between 2006 and 2019, Ortiz filed numerous unsuccessful motions for postconviction relief and sentence modification.[2] In 2017, Ortiz also filed a motion for correction of illegal sentence, arguing that his sentence for PWID was illegal because it exceeded the statutory maximum penalty for a Class C felony. The Superior Court denied the motion, noting that the statutory maximum penalty did

---

[1] *Ortiz v. State*, 2004 WL 2741185 (Del. Nov. 16, 2004).
[2] *See, e.g., Ortiz v. State*, 2007 WL 188173 (Del. Jan. 25, 2007) (affirming the denial of Ortiz's first motion for postconviction relief); *Ortiz v. State*, 2012 WL 4377782 (Del. Sept. 25, 2012) (affirming the denial of Ortiz's second motion for postconviction relief); *Ortiz v. State*, 2015 WL 4066011 (Del. June 30, 2015) (affirming the denial of Ortiz's third motion for postconviction relief); *Ortiz v. State*, 2021 WL 1310668 (Del. Apr. 7, 2021) (affirming the denial of Ortiz's fourth motion for postconviction relief).

not apply to Ortiz's PWID sentence, which was enhanced under then-extant 16 *Del. C.* § 4763(a)(3)[3] because Ortiz had previously been convicted of PWID in New York State.

(4)    In May 2021, Ortiz filed another motion for correction of illegal sentence, arguing that (i) his trafficking sentences were illegal because they exceeded the applicable statutory mandatory-minimum terms and (ii) his PWID sentence was improperly enhanced because the State had neither moved to sentence Ortiz as a non-addict under then-extant 16 *Del. C.* § 4751(d) nor provided proof that his New York State conviction for PWID was a felony conviction.  In his motion, Ortiz also observed, among other things, that he was entitled to earn good-time credits after serving the minimum-mandatory portion of his sentence.  On August 26, 2021, the Superior Court granted Ortiz's motion to the extent that it sought to clarify that Ortiz was entitled to earn good-time credits after serving the minimum-mandatory portion of his sentence.[4]  Noting that the court is always free to impose a

_____

[3] When Ortiz committed the conduct that gave rise to his convictions, Section 4763(a)(3) provided, "In any prosecution for violation of [PWID] … where a defendant has previously been convicted of any offense under this chapter, or under any statute of the United States or of any state relating to the delivery or possession with intent to deliver of a controlled substance or counterfeit substance classified in Schedules I and II as a narcotic drug, the minimum term of imprisonment shall be 30 years and the maximum term for such conviction shall be 99 years and 15 years of such minimum term shall be a mandatory minimum term of imprisonment and shall not be subject to suspension and no person shall be eligible for probation or parole during such minimum term." 16 *Del. C.* § 4763(a)(3) (2002).

[4] In its August 26, 2021 order, it appears that the Superior Court inadvertently referenced the applicable minimum-mandatory terms for drug trafficking as amended in 2004.

3

sentence above a minimum-mandatory term, the Superior Court denied Ortiz's motion concerning the legality of Ortiz's trafficking sentences. With regard to the legality of Ortiz's PWID sentence, the Superior Court gave the State additional time to obtain a certified copy of Ortiz's New York PWID conviction. After receiving confirmation that Ortiz's New York PWID conviction was indeed a felony conviction, the Superior Court denied the remainder of Ortiz's motion on May 25, 2022. This appeal followed.

(5) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[5] To the extent a claim involves a question of law, we review the claim *de novo*.[6] A motion to correct an illegal sentence may be filed at any time.[7] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[8]

(6) On appeal, Ortiz argues, as he did below, that his trafficking sentences are illegal because they exceed the applicable minimum-mandatory terms and that

---

[5] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[6] *Id.*
[7] Del. Super. Ct. Crim. R. 35(a).
[8] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

4

his PWID sentence is illegal because it exceeds the statutory maximum for a Class C felony. Ortiz also argues that the Superior Court's order that he is entitled to good-time credits after completing the minimum-mandatory portion of his sentence conflicts with 16 *Del. C.* § 4753A(b)—which prohibits anyone serving a minimum-mandatory term for drug trafficking from accruing good-time credits—and that the Superior Court was required to hold a hearing before "re-sentencing" him. We find no merit to Ortiz's arguments.

(7) As a preliminary matter, Ortiz's assumption that his trafficking sentences (20 years and 15 years, respectively) were imposed as minimum-mandatory terms is incorrect. As discussed at sentencing, Ortiz faced a 33-year minimum-mandatory sentence (15 years for trafficking cocaine in excess of 100 grams, 15 years for PWID, and 3 years for trafficking cocaine in an amount between 5 and 50 grams). The sentencing judge exercised his discretion and imposed a sentence in excess of the applicable minimum-mandatory term for each trafficking offense.

(8) With this background, we turn to the legality of Ortiz's sentences. For trafficking cocaine in an amount in excess of 100 grams, a Class B felony, Ortiz faced a minimum-mandatory sentence of 15 years[9] and up to 20 years in prison.[10]

---

[9] 16 *Del. C.* § 4753A(a)(2)(c) (2002) (repealed 2011).
[10] 11 *Del. C.* § 4205(b)(2) (2002).

His 20-year sentence for trafficking cocaine in excess of 100 grams therefore falls within statutory limits and is not illegal. For trafficking cocaine in an amount between 5 and 50 grams, also a Class B Felony, Ortiz faced a minimum-mandatory sentence of 3 years[11] and up to 20 years in prison.[12] His 15-year sentence for trafficking cocaine in an amount between 5 and 50 grams therefore falls within statutory limits and is not illegal. Finally, for PWID, Ortiz—a person previously convicted of PWID—faced an enhanced penalty: a minimum-mandatory sentence of 15 years and up to 99 years in prison.[13] His 20-year sentence for PWID therefore falls within statutory limits and is not illegal. As a final matter, the Superior Court's order clarifying that Ortiz is entitled to earn good-time credits after serving the minimum-mandatory portion of his sentence neither amounted to a re-sentencing nor required a hearing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[11] 16 *Del. C.* § 4753A(a)(2)(a) (2002) (repealed 2011).
[12] 11 *Del. C.* § 4205(b)(2) (2002).
[13] 16 *Del. C.* § 4763(a)(3) (2002).